Municipal Assembly of Trujillo Alto, Complainant and Appellee, v. Luis Cruz Hernández, Respondent and Appellant.

No. 12. Argued June 20, 1944.—Decided July 24, 1944.

Samuel E. Quiñones and F. Vizcarrondo Vázquez, for appellant. Cayetano Coll y Cuchí, L. Archilla Laugier, and Cayetano Coll Pujol for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

On April 15, 1944, José Rodríguez addressed a communication to the Municipal Assembly of Trujillo Alto imputing to the Mayor the commission of certain delinquent acts. The Assembly was called to a special meeting to consider said communication. It met on May 1, 1944, passed a resolution whereby it adopted as its own the charges preferred against the Mayor, and suspended him from office. It was agreed

to continue the meeting on May 8, on which date the charges would be heard. On May 8 the advisors of the Assembly and the Mayor and their attorneys appeared and it was agreed to postpone the meeting to May 12. When the Mayor answered, he demurred on the ground of insufficiency of facts and at the same time denied all the charges.

During the hearing evidence was introduced in support of two of the charges made, but the Assembly only considered that related to one of them, and upon finding it proved it impeached the Mayor. The charge that the Assembly deemed proved is the following:

"Mr. Luis Cruz Hernández, Mayor of Trujillo Alto, P. R., about the middle of the year 1942, more or less, entered into a conspiracy with Mrs. Isabel Díaz de Díaz, by simulating the transfer of an automobile which was the private property of said Isabel Díaz de Díaz to the Municipality of Trujillo Alto, without there being any authorization nor authorized transaction between the Municipality of Trujillo Alto and the said Mrs. Isabel Díaz de Díaz, which simulated transfer of said automobile to the Municipality of Trujillo Alto, was made for the purpose of obtaining gasoline and tire rations for said automobile, thus violating the Federal Government Rules and Regulations, which regulate the rationing of gasoline and tires, in this manner Isabel Díaz de Díaz obtained for said automobile, which continues to be in her private use and that of her family, the gasoline rations that would have corresponded to said car if it had actually been the property of the Municipality of Trujillo Alto. In all this scheme to violate the Federal Government Rules and Regulations with regard to the rationing of gasoline and tires for said automobile for the benefit of Isabel Díaz de Díaz and her family, who continued to use said automobile as a private vehicle of Isabel Díaz de Díaz and her family, Luis Cruz Hernández continues to conspire with Isabel Díaz de Díaz."

The Mayor appealed to this court alleging (1) that the Assembly acted without jurisdiction, (2) that the appealed resolution is not supported by the evidence and is contrary to law, and (3) that the Assembly was moved by passion, prejudice, and partiality.

■ In support of the first error he alleges that he was never properly notified of the charges; that there was no call for the hearing; and that, despite the fact that they originated with a private citizen, the charges were not sworned to.

By respondent's appearance at the meeting of the Assembly to demur to and answer the complaint and to introduce evidence in his defense, any defect that there might have been in the service was cured. If the Assembly was called for a special session which was to be held on May 1 to hear the charges, and on that date, after adopting the charges as its own, it adjourned the meeting and agreed to postpone the same for May 8 following, and on that day it was again postponed for the 12th at the instance of the parties, it was not necessary that a new call be issued so that the Assembly could legally meet on the last-mentioned date. It was not necessary that the charges adopted by the Assembly be sworned to by José Rodríguez. Section 29, Municipal Law.

■ To support the contention that the resolution appealed from was contrary to law and against the evidence, the respondent alleges that the resolution was adopted at a private meeting, contrary to what is provided by the Municipal Law, and that there was no evidence to sustain the findings of fact upon which it is predicated.

An examination of the record discloses that the meeting of the Assembly in which all the evidence was introduced was a public one, and that the private session that was held was only for the purpose of considering the evidence and of adopting the impeachment resolution. In thus acting the Assembly did not commit any error. In holding the private meeting to consider the evidence and enter the corresponding resolution, the Assembly acts like a jury does when it deliberates in order to reach a verdict. Although it could have legally decided the case in the presence of the public,

we believe that the manner in which it acted is more adequate and more in harmony with judicial practice.

 We entertain no doubt that the evidence supports the resolution complained of. The Treasurer–School Director pretended to donate an automobile to the Municipality, conspiring with the Mayor, who never notified the Assembly of said donation. The Municipality paid for the gasoline used in said automobile, notwithstanding that the budget did not contain any item for this purpose, and because of which resort was had to the item of incidental expenses. Nevertheless, the tires and repairs were paid for by the Treasurer with her own money and the automobile was kept in her garage. By a private transaction entered into by the Treasurer without the consent of the Assembly she gave the automobile plus $100 in exchange for another automobile. The Rationing Board suspended for two weeks the gasoline quota assigned to the automobile because the same was used by the Treasurer for political activities. Finally, the Mayor admitted that he never let the Assembly know of the pretended donations to the Municipality.

 The charge that the respondent makes to the effect that the Assembly was motivated by passion, prejudice, and partiality is predicated upon the fact that the advisors to the Assembly turned themselves into adverse parties to the respondent; upon the fact that the Assembly did not consider the other charges made; and that in deeming proved the first charge it took into account certain facts that were not part of the same. None of these reasons, if they were true, would justify the conclusion that the Assembly acted with passion, prejudice, and partiality.

For the aforesaid reasons, the resolution appealed from will be affirmed.